**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____
In Re:                                                            )
                                                                        )
LAURA M. SHEEDY,                                  )        CHAPTER 13 BANKRUPTCY
    Debtor.                                                )        CASE NO. 10-16236-JNF
_____)

_____
LAURA M. SHEEDY,                                  )
    Plaintiff,                                            )        ADVERSARY PROCEEDING
                                                                        )        NO. 11-01137
vs.                                                                  )
                                                                        )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE,    and          )
JPMORGAN CHASE BANK, NATIONAL )
ASSOCIATION,                                          )
    Defendants.                                        )
_____)

**CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS**
**IN SUPPORT OF MOTION OF ADVERSARY DEFENDANTS DEUTSCHE BANK**
**NATIONAL TRUST COMPANY AND JPMORGAN CHASE BANK, N.A.**
**<u>FOR SUMMARY JUDGMENT</u>**

    1. On April 16, 2004, plaintiff Laura Sheedy (the "Plaintiff"), as owner of the real property located at 11 Harrington Road, Lexington, Massachusetts (the "Property"), executed a promissory note (the "Note") in favor of Washington Mutual Bank, FA, as lender, in the original principal amount of $810,000 (the "Refinance Transaction").  <u>See</u> Ex. A to Affidavit of Abena A. Mainoo (the "Mainoo Aff."), Sheedy Dep. Tr., November 29, 2011 ("Sheedy Dep. Tr."), at 163:1-164:2; Ex. 1 to Second Affidavit of Victoria Viviano ("Second Viviano Aff."), Fixed/Adjustable Rate Note, April 16, 2004, Ex. 23 to Sheedy Dep. Tr.  To secure repayment of the Note, she executed a mortgage on the Property (the "Mortgage").  <u>See</u> Ex. A hereto, Mortgage dated April

16, 2004, Ex. 30 to Sheedy Dep. Tr. (the "2004 Mortgage").  The Mortgage was recorded with the Middlesex South Registry of Deeds on April 21, 2004.  See id.

2. The Note has an adjustable interest rate and permits the Plaintiff to make interest-only monthly payments of $2,446.87 during the first five years of the loan term.  See Ex. 2 to Second Viviano Aff., Addendum to Fixed/Adjustable Rate Note, April 16, 2004, Ex. 24 to Sheedy Dep. Tr.; Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 206:11-21; Ex. 1 to Second Viviano Aff., Fixed/Adjustable Rate Note, at 1.

3. The Plaintiff previously obtained variable rate loans secured by the Property in 1993 for $240,000, in 1994 for $500,000, in 1997 for $600,000, in 1999 for $750,000, and in 2003 for $795,000 (the "2003 Loan").  See Ex. B hereto, Mortgage dated February 8, 1993, Ex. 6 to Sheedy Dep. Tr.; Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 45:14-23; Ex. C hereto, Mortgage dated September 7, 1994, Ex. 7 to Sheedy Dep. Tr.; Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 62:21-63:6; Ex. D hereto, Mortgage dated June 25, 1997, Ex. 8 to Sheedy Dep. Tr.; Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 65:13-66:7; Ex. E hereto, Mortgage dated April 16, 1999, Ex. 9 to Sheedy Dep. Tr.; Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 67:14-68:9; Ex. F hereto, Mortgage dated April 9, 2003, Ex. 12 to Sheedy Dep. Tr. (the "2003 Mortgage"); Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 81:3-13.

4. Washington Mutual Bank, FA provided the 2003 Loan.  See Ex. F hereto, 2003 Mortgage.  The Property was the Plaintiff's primary residence.  Ex. 3 to Second Viviano Aff., Uniform Residential Loan Application, Ex. 20 to Sheedy Dep. Tr., at 1.  The Refinance Transaction paid off the 2003 Loan.  See Ex. 4 to Second Viviano Aff., Settlement Statement, Ex. 29 to Sheedy Dep. Tr., at 1; Ex. F hereto, 2003 Mortgage.

2

5. The proceeds of the Refinance Transaction were applied as follows: $798,191.83 toward the outstanding principal balance and the earned unpaid finance charge on the 2003 Loan; $2,460.30 toward taxes; $7,063 toward fees related to the loan; $804.50 toward interest; $786.17 toward reserves for taxes; $550 toward the settlement fee; $150 toward the title examination; $1,215 toward title insurance; $250 toward recording costs; and $140 toward additional settlement charges. See Ex. 4 to Second Viviano Aff., Settlement Statement. The Plaintiff certified that the Settlement Statement was a true and accurate statement of all receipts and disbursements made in the Refinance Transaction. Ex. 5 to Second Viviano Aff., Addendum to HUD-1, Ex. 31 to Sheedy Dep. Tr.

6. The Truth in Lending Disclosure Statement indicated that the loan contained a variable rate feature and that variable rate disclosures had been provided earlier. Ex. 6 to Second Viviano Aff., Truth in Lending Disclosure Statement, Ex. 25 to Sheedy Dep. Tr.

7. The Plaintiff acknowledged receipt of the Consumer Handbook on Adjustable-Rate Mortgages and the appropriate Adjustable Rate Mortgage Loan Disclosure Statement in writing. See Ex. 7 to Second Viviano Aff., Addendum to Loan Application, Ex. 21 to Sheedy Dep. Tr., at 2; Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 158:3-13; Ex. 8 to Second Viviano Aff., Adjustable Rate Mortgage Loan Disclosure Statement, Ex. 22 to Sheedy Dep. Tr.

8. The Adjustable Rate Mortgage Loan Disclosure Statement explained that (1) the interest rate would generally be based on an index, (2) the initial interest rate might be lower than the sum of the margin plus the index, and (3) the initial monthly payment for the first sixty months of the loan would consist solely of interest. Ex. 8 to Second Viviano Aff., Adjustable

3

Rate Mortgage Loan Disclosure Statement, at 1.  The Adjustable Rate Mortgage Loan Disclosure Statement further explained how the interest rate and monthly payments could change.  Id.

9. The Note and Fixed/Adjustable Rate Rider explained the index and the calculation of the interest rate.  Ex. 1 to Second Viviano Aff., Fixed/Adjustable Rate Note, at 2; Ex. 9 to Second Viviano Aff., Fixed/Adjustable Rate Rider, Ex. 26 to Sheedy Dep. Tr., at 1-2.

10. The Plaintiff was informed of her right to receive a copy of the appraisal report.  See Ex. 7 to Second Viviano Aff., Addendum to Loan Application, at 1; Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 156:19-157:9.

11. The Plaintiff considers herself more sophisticated in real estate matters than the average person because she works in real estate.  Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 24:18-25:3.  She obtained a real estate broker's license in the early 1980s.  Id. at 18:3-5.  She has worked in real estate for thirty years.  Ex. G hereto, October 4, 2010 Letter from the Plaintiff, Ex. 40 to Sheedy Dep. Tr.; Ex. A, Sheedy Dep. Tr., at 216:3-15.  She has taken out loans in connection with her real estate business.  See Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 126:17-19.

12. When the Plaintiff learned about the loan product for the Refinance Transaction, she thought that it "was quite amazing."  Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 75:13-76:6.  She was "in a good financial situation at the time, and . . . had an offer on the property of 1.6 million."  Id. at 75:24-76:2.  She thought that "a 50 percent loan to value was not something that would jeopardize [her] family or [her] home."  Id. at 76:4-6.  The total income of the Plaintiff and her husband in 2004 was $203,378.  Id. at 148:21-149:5.  The Plaintiff represented her monthly income on the loan application as $14,975 and the monthly income of her husband as $15,000.  Ex. 3 to Second Viviano Aff., Uniform Residential Loan Application, at 2; Ex. A to

4

Mainoo Aff., Sheedy Dep. Tr., at 149:11-14.  The Plaintiff considered making payments on the principal balance during the first five years of the loan term, but she elected not to do so.  Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 162:10-19.

13. The Plaintiff transferred title to the Property to the Cardinal Trust in October 2007.  Ex. H hereto, Quitclaim Deed dated October 29, 2007, Ex. 43 to Sheedy Dep. Tr.  She testified at her deposition that she does not own the Property.  Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 25:11-22.  She testified further that the Cardinal Trust owns it.  Id. at 29:23-30:12.

14. The Plaintiff stopped making payments on the loan in 2009.  Ex. A to Mainoo Aff., Sheedy Dep. Tr., at 211:12-17.

15. Deutsche Bank National Trust Company, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2004-AR4, holds the Note.  First Affidavit of Victoria Viviano ("First Viviano Aff."), at ¶ 2.  Washington Mutual Bank, FA endorsed the Note in blank.  Ex. 1 to Second Viviano Aff., Fixed/Adjustable Rate Note.  The Plaintiff's loan is listed on the mortgage loan schedule to the Pooling and Servicing Agreement among Washington Mutual Mortgage Securities Corp., Deutsche Bank National Trust Company, and Deutsche Bank Trust Company Delaware dated May 1, 2004 (the "PSA") as Loan No. ******9818.  See Ex. 10 to Second Viviano Aff., Excerpt of Mortgage Loan Schedule to Pooling and Servicing Agreement dated May 1, 2004.  The PSA served as a written assignment of the loan and the Mortgage.  Ex. 11 to Second Viviano Aff., Pooling and Servicing Agreement dated May 1, 2004, at 50.  Deutsche Bank is the trustee under the PSA.  Id. at 45.  Washington Mutual Bank fsb acted as the custodian under the PSA.  Id. at 18.  The Note was transferred to Deutsche Bank, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2004-AR4, on May 1, 2004.  First Viviano Aff., at ¶ 3.

5

Washington Mutual Bank fsb was the custodian of the Note on behalf of Deutsche Bank, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2004-AR4, from May 1, 2004 until September 25, 2008. Id.

16. Pursuant to a Purchase and Assumption Agreement among the Federal Deposit Insurance Corporation (the "FDIC"), Receiver of Washington Mutual Bank, the FDIC, and JPMorgan Chase Bank, N.A. ("Chase") dated September 25, 2008, Chase acquired certain assets, including all loans and loan commitments, of Washington Mutual Bank from the FDIC acting as receiver. Ex. I hereto, Affidavit of the Federal Deposit Insurance Corporation, at 1. The FDIC retained "liability to any borrower for monetary relief . . . related in any way to any loan or commitment to lend made by [Washington Mutual Bank] prior to failure . . . ." See Ex. J hereto, Purchase and Assumption Agreement among Federal Deposit Insurance Corporation, Receiver of Washington Mutual Bank, Federal Deposit Insurance Corporation, and JPMorgan Chase Bank, National Association, at Article 2.5. Chase became the custodian of the Note on behalf of Deutsche Bank, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2004-AR4, on September 25, 2008. First Viviano Aff., at ¶ 4. The Note has remained in the physical custody of Chase as the custodian of Deutsche Bank, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2004-AR4, since that date. Id. Chase is the loan servicer for Deutsche Bank, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2004-AR4. Id. at ¶ 1.

17. Deutsche Bank, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2004-AR4, owns the Mortgage. On January 26, 2010, Chase, as successor in interest from the FDIC, as Receiver for Washington Mutual Bank f/k/a Washington Mutual Bank F.A., executed a record assignment of the Mortgage to Deutsche Bank, as Trustee for WAMU Mortgage Pass-

6

Through Certificates Series 2004-AR4.  See Ex. K hereto, Record Assignment dated January 26, 2010.  The record assignment was recorded in the Middlesex South Registry of Deeds on February 5, 2010.  See id.

18. Deutsche Bank, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2004-AR4, transferred its claim to Chase, as the loan servicer, on May 5, 2011, with a May 1, 2011 effective date.  See Ex. L hereto, Transfer of Claim.

19. Chase and Deutsche Bank, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2004-AR4, have submitted invoices to document the property inspection fees, foreclosure fees and costs, and bankruptcy fees included in the filed claim.  Ex. 12 to Second Viviano Aff., Invoices of LPS Field Services Inc.; Ex. 1 to Davis Aff., Invoices, Bills, Receipts, and Checks.

JPMORGAN CHASE BANK, N.A. and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee,
By their attorneys,


/s/  Abena A. Mainoo
Donn A. Randall, BBO# 631590
Abena A. Mainoo, BBO# 677622
Bulkley, Richardson and Gelinas, LLP
125 High Street
Oliver Street Tower, 16th Floor
Boston, MA  02110
Tel: (617) 368-2500
Fax: (617) 368-2525
amainoo@bulkley.com

Dated:  February 6, 2012

**CERTIFICATE OF SERVICE**

      I, Abena A. Mainoo, hereby certify that a true and correct copy of the foregoing document was served upon Plaintiff's counsel via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on February 6, 2012.

                                              /s/  *Abena A. Mainoo*
                                              Abena A. Mainoo

1246274-2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| LAURA M. SHEEDY, | ) | CHAPTER 13 BANKRUPTCY |
|    Debtor | ) | CASE NO. 10-16236-JNF |
| | ) | |
| LAURA M. SHEEDY, | ) | |
|    Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 11-01137 |
| vs. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY, AS TRUSTEE, and | ) | |
| JPMORGAN CHASE BANK, | ) | |
| NATIONAL ASSOCIATION, | ) | |
|    Defendants. | ) | |

**INDEX OF EXHIBITS TO
CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF MOTION OF ADVERSARY DEFENDANTS DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE, AND JPMORGAN CHASE
<u>BANK, N.A. FOR SUMMARY JUDGMENT</u>**

1. Exhibit A:   April 16, 2004 Mortgage granted by Laura Sheedy to Washington Mutual Bank, FA for $810,000 adjustable rate loan

2. Exhibit B:   February 8, 1993 Mortgage granted by Laura Sheedy to Great Western Mortgage Corporation for $240,000 adjustable rate loan

3. Exhibit C:   September 7, 1994 Mortgage granted by Laura Sheedy to Medallion Mortgage Company for $500,000 adjustable rate loan

4. Exhibit D:   June 25, 1997 Mortgage granted by Laura Sheedy to Great Western Bank for $600,000 adjustable rate loan

5. Exhibit E:   April 16, 1999 Mortgage granted by Laura Sheedy to Washington Mutual

#1252430

        Bank, FA for $750,000 adjustable rate loan

6. Exhibit F: April 9, 2003 Mortgage granted by Laura Sheedy to Washington Mutual Bank, FA for $795,000 adjustable rate loan

7. Exhibit G: October 4, 2010 Hardship Letter from Laura Sheedy

8. Exhibit H: October 29, 2007 Quitclaim Deed conveying the property located at 11 Harrington Road, Lexington, Massachusetts from Laura Sheedy to the Cardinal Trust

9. Exhibit I: October 2, 2008 Affidavit of Federal Deposit Insurance Corporation

10. Exhibit J: September 25, 2008 Purchase and Assumption Agreement

11. Exhibit K: January 26, 2010 Record Assignment of Mortgage

12. Exhibit L: May 5, 2011 Transfer of Claim