UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12302-GAO

LAURA SHEEDY,
Appellant,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee, and JPMORGAN CHASE
BANK, NATIONAL ASSOCIATION,
Appellees.

OPINION AND ORDER
February 21, 2014

O'TOOLE, D.J.

This is an appeal from the United States Bankruptcy Court for the District of Massachusetts. Laura Sheedy, the debtor, brought an adversary proceeding against creditors Deutsche Bank and JPMorgan Chase in an attempt to rescind her mortgage loan. The bankruptcy judge granted summary judgment in favor of the creditors. She also granted the creditors' motion to strike a forensic audit report. Sheedy appeals both rulings.

**I.      Background**

This is a summary of the relevant facts not in dispute. The procedural and factual background is spelled out in fuller length in the bankruptcy judge's decision, In re Sheedy, 480 B.R. 204, 207-12 (Bankr. D. Mass. 2012).

In April 2004, Sheedy refinanced the mortgage on her home in Lexington. She executed a promissory note in favor of Washington Mutual Bank, FA, as lender. The principal amount of the note was $810,000; it was secured by a mortgage on the property. The note bore interest at an

adjustable rate subject to change after five years. Sheedy had previously received five variable rate loans secured by the same home. The mortgage was later assigned to Deutsche Bank.

In 2009, Sheedy stopped making payments on the loan. Deutsche Bank, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2004-AR4, holds the note and is the owner of the mortgage. JPMorgan Chase is the loan servicer.

On June 8, 2010, Sheedy filed a Chapter 13 bankruptcy petition. On July 20, 2010, she filed a Chapter 13 Plan. In the section listing secured claims Sheedy stated that the loan was rescindable under the Truth in Lending Act ("TILA"), Massachusetts General Laws Chapter 93A, and/or under principles of equity as stated by Commonwealth v. Fremont Inv. & Loan, 2008 WL 517279 (Mass. Super. Feb. 26, 2008), aff'd as modified, 452 Mass. 733 (2008), and sought to have the mortgage discharged.

Deutsche Bank filed a secured proof of claim in the amount of $842,908.47. Sheedy then filed an adversary proceeding against Deutsche Bank and JPMorgan Chase in an attempt to have the loan rescinded. Following briefing and oral argument the bankruptcy court struck the forensic audit report submitted as evidence by Sheedy and granted the creditors' motion for summary judgment. Sheedy appeals both rulings.

## II. Discussion

### A. Motion to Strike

In opposing the motion for summary judgment, Sheedy relied on a forensic audit report prepared by Steve Dilbert of the Boynton Beach, Florida firm MFI-Miami. The report expressed the opinion that the mortgage contract is void due to the lender's fraud and misrepresentation. The creditors' motion to strike the report was granted.

The bankruptcy judge found that the report did not meet the evidentiary standard for expert testimony under Federal Rule of Evidence 702, which is made applicable to adversary proceedings through Bankruptcy Rule 9017. She ordered the report stricken because the author did not sign the report under the pains and penalties of perjury, the report lacked any information as to the author's qualifications to express opinions as to the transaction at issue, and the report was conclusory and lacked evidentiary support. Evidentiary rulings made by the bankruptcy court are reviewed for abuse of discretion. See In re Logistics Info. Sys., Inc., 432 B.R. 1, 8 (D. Mass. 2010) (citing Williamson v. Busconi, 87 F.3d 602, 603 n.4 (1st Cir. 1996)).

In her appeal Sheedy does not focus on the substantive issue but rather argues that the motion should have been denied because it was filed only shortly before the hearing on the motion to dismiss. This argument is without merit. At the hearing Sheedy's attorney asked for and was granted seven days to respond to the motion to strike. Sheedy argued the merits of the issue and never asked the court for an opportunity to cure any perceived defects in the report. The court did not err in striking the report, which clearly fell short of applicable evidentiary standards.

> B.    Motion for Summary Judgment

This Court reviews the bankruptcy court's grant of summary judgment *de novo*. Hermosilla v. Hermosilla, 447 B.R. 661, 666 (D. Mass. 2011).

> 1.    *TILA – Recission*

The bankruptcy court found that the Sheedy's claim for rescission under TILA is time barred. I agree with this conclusion. The right to rescind expires three years after the consummation of the transaction. 12 C.F.R. § 226.23(a)(3). The transaction in this case was consummated in April 2004; therefore, the right to rescind expired in April 2007, well before this

action was commenced. Sheedy's argument that she is not time barred because she is asserting rescission defensively against the creditor's foreclosure action has been foreclosed by the Supreme Court in Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417-18 (1998), which held that the right to rescission, whether asserted offensively or defensively, expires after three years.

### 2.    *Chapter 93A and TILA – Recoupment*

The more difficult question raised by the debtor is whether she has the ability to rescind the mortgage as a recoupment defense to the creditor's foreclosure action. Softening the three year time bar, the TILA states, "Nothing in this subsection affects a consumer's right of rescission in recoupment under State law." 15 U.S.C. § 1635(i)(3). The defense of recoupment "allows a defendant to 'defend' against a claim by asserting-up to the amount of the claim-the defendant's own claim against the plaintiff growing out of the same transaction." Bolduc v. Beal Bank, SSB, 167 F.3d 667, 672 (1st Cir. 1999). Recoupment is allowed even where the defendant's claim would be barred if asserted offensively. Id. The debtor claims that her Chapter 93A claim provides a state law right to recession in recoupment.

The debtor has not met the preconditions for recession under Massachusetts law. Under language of the TILA and its regulations, the common law rules of recession are revised and the obligation to release the mortgage is not conditioned upon the debtor's obligation to first return the property delivered. Cromwell v. Countrywide Home Loans, Inc., 483 B.R. 36, 44-47 (D. Mass. 2012). As previously stated, whatever recessionary rights the debtor had under the TILA, either offensively or defensively, have expired. Therefore, the debtor's ability to rescind is governed by Massachusetts law. In Massachusetts, "a party requesting rescission must 'restore or offer to restore all that he received' through the contract, although it 'has been held that, where complete restoration is not possible, rescission may, nevertheless, be granted upon such equitable

4

conditions as would amply protect the rights of the defendant.'" Walsh v. Chestnut Hill Bank and Trust, 607 N.E.2d 737, 741 (Mass. 1993) (quoting Bellefeuille v. Medeiros, 139 N.E.2d 413, 415 (Mass. 1957)).

Here, the debtor has made no offer to restore the amount received back to creditor. Rather, the debtor proposes to strip creditor's security interest and treat the money owed to the creditor as a result of the recession as a general unsecured debt. This would not satisfy the common law precondition of recession, that the parties may be restored to their pre-contractual positions.

### 3. Fraud and Misrepresentation

The bankruptcy court properly granted summary judgment on Sheedy's claim for fraud and misrepresentation. Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. After the movant has made a properly supported summary judgment motion, as is the case here, the nonmovant [has] the burden of setting forth "specific facts showing the existence of a genuine issue of fact for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The nonmovant may not rely on the allegations or denials in its pleadings, but must come forward with an affirmative showing of evidence. Id.

The only evidence of fraud or misrepresentation put forward by Sheedy was Dilbert's report. Once that report was properly stricken from the record, Sheedy was left with no evidence and was unable to carry her burden. Cf. In re Ludlow Hosp. Soc., Inc., 216 B.R. 312, 322 (Bankr. D. Mass. 1997) ("Accordingly, a court must disregard an expert affidavit that is essentially conclusory and lacks specific facts."); Fidler v. Cent. Coop. Bank, 210 B.R. 411, 422

5

Case 1:13-cv-12302-FDS Document 17 Filed 02/24/14 Page 6 of 7
Case 10-31172-JNF Doc 332 Filed 02/21/14 Entered 02/24/14 10:11:26 Desc Main
Document      Page 6 of 7

(Bankr. D. Mass. 1997) (holding that a court may consider testimony that would be admissible at trial and disregard the rest). There is no genuine issue in this case, as Sheedy was unable to present any competent factual evidence to support her allegations of fraud.

   4.   *Objection to Proof of Claim*

Sheedy objected to JPMorgan Chase's secured claim of $842,908.47, which includes principal and interest plus costs and fees. Sheedy made no specific objection, only that there was insufficient documentation to support the claim. After reviewing the amended proof of claim and the related affidavit, I agree with the bankruptcy court that there was sufficient information to enable Sheedy to make objections to costs or fees as either unreasonable or unnecessary, and she failed to do so. Summary judgment is appropriate.

   5.   *Standing*

Sheedy's final claim was that Deutsche Bank lacked standing to file a proof of claim. Sheedy claimed that Deutsche Bank does not own the mortgage because the assignment of the mortgage and loan did not comply with the Pooling and Service Agreement which served to transfer ownership from Washington Mutual to Deutsche Bank.

The bankruptcy court ruled that Sheedy lacked standing to challenge the assignment because she was not party to the assignment. While this was the thinking at the time the order was issued, the law has since changed. After the order was written the First Circuit held that plaintiffs have "standing to challenge that a mortgage assignment as invalid, ineffective, or void" as opposed to "voidable." Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282 (2013).

The change in legal precedent does not alter the result in this case. Non-compliance with a pooling and service agreement would make a mortgage assignment only voidable at the election of one party, but not void. See Jepson v. HSBC Bank USA, Nat. Ass'n, 2013 WL

6

639184, at *4 (D. Mass. Feb. 20, 2013) (no standing to challenge an assignment for failure to comply with the terms of a PSA, as it would render the assignment voidable, not void). Therefore, Sheedy does not have standing to challenge the assignment of the mortgage to Deutsche Bank.

Judgment in favor of the creditors was appropriate.

### III. Conclusion

For the reasons stated herein, the Order of the Bankruptcy Court is AFFIRMED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge